## Chicago Hansom Cab Company
### v.
### Sophie H. Havelick.

*Master and Servant—Cab Company—Driver—Negligence of—Personal Injuries—Evidence.*

1.   The credibility of the witnesses in a given case is for the jury.

2.   In an action for the recovery of damages from a cab company for injuries suffered through the alleged negligence of one of its drivers, the errors complained of being of a harmless character, this court declines to interfere with the verdict for the plaintiff.

[Opinion filed May 29, 1889.]

Appeal from the Superior Court of Cook County; the Hon. John P. Altgeld, Judge, presiding.

Mr. H. S. Monroe, for appellant.

Messrs. Joseph S. Kennard and John Gibbons, for appellee.

*Per Curiam.*   This is an appeal from a judgment rendered against appellant for injuries to appellee, alleged to have been received by being run over by a cab driven by one of appellant's servants.

There is no complaint of the instructions, but it is contended that the verdict is against the evidence. The contest was upon the extent of the injury suffered by appellee. Upon this question there was great conflict of evidence, and it was manifestly settled by the jury by their giving credence to the witnesses of appellee, and refusing to believe those who testified for appellant.

The credit to be given to witnesses can be much more intelligently determined by a jury than it can be by a reviewing court, and the law gives to the jury the exclusive right to set-

tle such a question.   It can not be said that the evidence does not support the verdict, and in such case the court can not interfere except for error of law.

It is contended that improper evidence was admitted over defendant's objection, and that the court made some improper intimations in questions asked some of the witnesses, and in remarks to counsel.   We are of opinion that no error was made in admitting evidence, which in any manner affected the result.   The errors, if, indeed, any at all were committed in this regard, were slight and immaterial.   It is doubtful whether counsel has any proper exception in the record to the questions and remarks of the judge of which complaint is made, but treating them as properly excepted to, we are of opinion there was no material error in that regard.

The judgment of the Superior Court will be affirmed.

*Judgment affirmed.*